IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **CANAL INDEMNITY COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05cv778-T |
| ) | (WO) |
| **WLS, INC., d/b/a as** ) | |
| **S & H MOBILE HOMES,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C.A. § 1332. To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* 28 U.S.C.A. § 1332(c) provides that a corporation shall be

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants WLS, Inc., Cavalier Acceptance Corporation, and Greentree.

The complaint gives the "residence" rather than the "citizenship" of defendants Ruth Barron and John D. Barron. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995, 92 S.Ct. 534 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the

court that the plaintiff has until September 16, 2005, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 2nd day of September, 2005.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**