# EXHIBIT "A"

FILE No.169 05/11 '05 09:41   ID:SADLER SULLIVAN           FAX:205 324 3418        PAGE  4/ 10
05/11/2005   04:56     S&H MOBILE HOMES → 3243418                                   NO.526   D10

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| JOHN D. BARRON, | ◇ |
| PLAINTIFF, | ◇ |
| vs. | ◇ CIVIL ACTION NUMBER: |
| WLS, INC. d/b/a S & H MOBILE HOMES; CAVALIER ACCEPTANCE CORP.; GREENTREE; RUTH BARRON and fictitious Defendants "A" through "E", whether singular or plural being the person, firm, association, corporation, or other entity who suppressed and/or concealed the truth and/or made intentional and/or reckless misrepresentations, and/or forged Plaintiff's signature to legal documents and/or who conspired to commit fraud upon Plaintiff and/or who conspired to forge Plaintiff's signature to documents, and/or engaged in other tortious conduct. Plaintiff avers that the identities of all the foregoing fictitious party Defendants are otherwise unknown to Plaintiff at this time, but whose true and correct names will be substituted by amendment when ascertained, | ◇ CV-2005-31-F |
| DEFENDANTS. | ◇ |

### COMPLAINT

### PARTIES

1. Plaintiff John D. Barron is a resident individual of Chilton County, Alabama and is over the legal age.

2. Defendant WLS, Inc. d/b/a S & H Mobile Homes is an Alabama corporation authorized to do business in Alabama and doing business in Chilton County, Alabama as a dealer/seller of mobile homes.

3. Defendants Cavalier Acceptance Corporation and Greentree are corporations

FILE No.169 05/11 '05 09:41    ID:SADLER SULLIVAN    FAX:205 324 3418    PAGE    5/ 10
05/11/2005    04:56    S&H MOBILE HOMES → 3243418    NO.520    P11

organized and existing under the laws of the State of Alabama doing business at all times pertinent hereto in Chilton County, Alabama. It is alleged that Cavalier Acceptance Corporation and Greentree provided financing on a 44' x 28' 2000 Cavalier mobile home, serial number ALCAO899544S33004BA that was purchased from Defendant S & H Mobile Homes. Plaintiff's signature was forged on the purchase and financing documents on said mobile home.

4. That Defendant Ruth Barron is a resident individual of Chilton County, Alabama and is over the legal age.

5. Fictitiously described Defendants "A" through "E" whether singular or plural, are those persons, firms, associations, corporation, who suppressed and/or concealed the truth, and/or made intentional and/or reckless misrepresentations, and/or forged Plaintiff's signature to legal documents and/or who conspired to commit fraud upon Plaintiff and/or who conspired to forge Plaintiff's signature to documents, and/or engaged in other tortious conduct. Plaintiff avers that the identities of all the foregoing fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identity as a proper party Defendant is not known to Plaintiff at this time, but whose true and correct names will be substituted by amendment when the aforesaid information is ascertained.

## FACTUAL ALLEGATIONS

6. Plaintiff avers that on or about April 11, 2000, the Defendants Ruth Barron, WLS, Inc. d/b/a S & H Mobile Homes, Cavalier Acceptance Corporation and Greentree caused or allowed Plaintiff's signature to be forged on legal documents in order to purchase a mobile home more particularly described as a 44' x 28' Cavalier 2000 model, serial number ALCAO899544S33004BA in the name of the Plaintiff. That the Plaintiff's name was forged to said legal documents and those documents necessary to purchase and finance the mobile home

without the Plaintiff's permission or consent.

7. That in November of 2003, the Plaintiff's daughter, Cherry Barron discovered through a credit report obtained on her father, Plaintiff John D. Barron, that a mobile home had been purchased and financed in the name of the Plaintiff by the Defendants on or about April 11, 2000.

8. That according to the Manufactured Home Retail Installment Contract and Security Agreement obtained by the Plaintiff from Defendant Greentree, the Plaintiff is responsible for paying $146,284.40 for a mobile home that he did not purchase.

9. That Plaintiff's name was forged to the Manufactured Home Retail Installment Contract and Security Agreement by the Defendants.

10. That the Defendants suppressed from the Plaintiff the material fact or facts that he was purchasing a mobile home or that his name was signed to legal documents in order to purchase and finance the mobile home.

11. That as a result of the illegal, fraudulent, and tortious acts of the Defendants, legal collection action has been taken against the Plaintiff and his credit has been severely damaged and/or ruined.

## COUNT ONE:

### (Forgery)

12. Plaintiff adopts and incorporates by reference all allegations contained in paragraphs one through eleven herein.

13. That the Plaintiff's signature was forged on the Retail Installment Contract and Security Agreement and other legal documents used by the Defendants for the purpose of purchasing and/or financing the above described mobile home in the name of the Plaintiff.

FILE No.169 05/11 '05 09:42    ID:SADLER SULLIVAN    FAX:205 324 3418    PAGE  7/ 10
05/11/2005  04:56    S&H MOBILE HOMES → 3243418        NO.520  P13

14.  That the forgeries were completed in an attempt to injure and/or defraud the Plaintiff.

15.  It is alleged that each of the Defendants are directly responsible for the acts, actions or inactions of their agents, employees or other fictitious Defendants and are liable for such acts under the doctrines of agency, master/servant, respondeat superior or other doctrines.

16.  Plaintiff alleges this conduct amounted to felony criminal conduct actionable under Alabama Code § 6-5-370.

17.  Plaintiff further alleges that Defendants Greentree and Cavalier Acceptance participated directly and /or indirectly with Defendants WLS, Inc. d/b/a S & H Mobile Homes and Ruth Barron and other fictitious Defendants in the material activities alleged herein. Each Defendants' business was furthered by the acts of forgery and the acts and activities of their employees and/or agents, and each Defendant profited from the conduct of their employees and/or agents.

18.  Plaintiff further alleges that Defendant WLS, Inc. d/b/a S & H Mobile Home acted as the agent and/or servant of Defendants Cavalier Acceptance and Greentree and that Defendants Cavalier Acceptance and Greentree participated in the acts of forgery, ratified said acts, knew or should have known of said acts and/or are directly responsible for said acts of their agent/servant.

19.  Plaintiff avers that he did not discovery the above tortious act or acts until November of 2003 through obtaining a credit report.

20.  That as a result of the actions of the Defendants, Plaintiff has been damaged as follow: he has incurred alleged legal liabilities created by the documents, including the responsibility and commitment to pay for a mobile home that he did not purchase; his credit has

FILE No.169 05/11 '05 09:42   ID:SADLER SULLIVAN        FAX:205 324 3418        PAGE  8/ 10
05/11/2005   04:56   S&H MOBILE HOMES → 3243418                                 NO.526   D14

been encumbered by the loan for the 2000 mobile home; his credit has been diminished by negative reporting for late payments on the loan; collection activities have been commenced against the Plaintiff; Plaintiff has suffered anxiety, worry, mental anguish, emotional distress, inconvenience, embarrassment and other incidental damages.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants for compensatory damages, including damages for mental anguish and emotional distress, and punitive damages in the amount to be determined by a jury, plus interest and cost of these proceedings.

### COUNT TWO:

(Fraudulent Suppressions)

21. Plaintiff adopts and incorporates by reference all allegations of paragraphs one through twenty herein.

22. On or about April 11, 2000, up and until the present time, Defendants and/or Fictitious Defendants, while acting within the line and scope of their employment and/or agency with any of the named Defendants, suppressed the following existing material facts from Plaintiff for which they had a duty to fully and adequately disclose to Plaintiff:

   (a) that the Defendants used the Plaintiff's personal information to purchase, sell and/or finance a mobile home more particularly described above in the name of the Plaintiff;

   (b) caused or allowed the Plaintiff's name to be forged to legal documents to purchase, sell and/or finance a 2000 mobile home in Plaintiff's name;

   (c) suppressed from the Plaintiff the true and correct identity of the person or persons who forged Plaintiff's name to legal documents;

(d) suppressed the true and correct identity of the person or persons who were in possession of the 2000 mobile home obtained in the name of the Plaintiff and in contact with the Defendants;

(e) that Plaintiff was responsible for paying the total sum of $146,284.40 for a mobile home that he did not agree to purchase and that was obtained in his name by forgery.

23. Defendants had a duty to disclose the aforementioned facts to Plaintiff, but failed or refused to disclose said facts to the Plaintiff.

24. It is alleged that each of the Defendants are directly responsible for acts, actions, or inactions of their agents, employees and other fictitious defendants and are liable for such acts under the doctrines of agency, master/servant, respondeat superior or other doctrines.

25. Plaintiff further alleges that each of the Defendants had knowledge of, ratified and/or participated directly and indirectly with the other Defendants in the material activities alleged herein. Each Defendant's business was furthered by the acts of forgery and the acts and activities of their employees and/or agents, and each Defendant profited from the conduct of their employees and/or agents.

26. Plaintiff avers that he did not discover the fraudulent suppressions committed against him until November of 2003 when he obtained a credit report.

27. That as a result of the actions of the Defendants, Plaintiff has been damaged as set forth in paragraph twenty above.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants for compensatory damages, including damages for mental anguish and

emotional distress, and punitive damages in the amount to be determined by a jury, plus interest and cost of these proceedings.

### COUNT THREE:

(Civil Conspiracy)

28. Plaintiff adopts and incorporates by reference all allegations contained in paragraphs one through twenty-seven herein.

29. Defendants and their employees, agents and/or general agents conspired to commit tortious acts as outlined in Counts One and Two herein.

30. Plaintiff alleges that Defendants and their employees and agents acted in a manner that Plaintiff would be damaged and that Plaintiff was so damaged as a direct, proximate consequence of individual and combined actions of Defendants and their agents and employees.

31. Defendants acting through their officers, managers, employees, general agents and/or agents, joined together in order to injure and damage the Plaintiff, including:

(a) criminal forgery of Plaintiff's signature to legal documents;

(b) conspiring to complete the forgeries and ensuring sales, financing and insurance transactions;

(c) conspiring to cover-up the forgeries so the Plaintiff could not discover the truth; and

(d) failure to properly investigate to correct the acts of their agents and/or employees.

32. That as a result of the actions of the Defendants, Plaintiff has been damaged as set forth in paragraph twenty above.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants for compensatory damages, including damages for mental anguish and

_____
Of Counsel for Plaintiff

Philip Henry Pitts, PIT009
Rickman E. Williams, III (WIL244)
PITTS, PITTS & WILLIAMS
Attorneys at Law
Post Office Box 527
Selma, Alabama 36702-0527
(334) 875-7213
Attorneys for Plaintiff

## JURY DEMAND

For the trial of this cause a struck jury is demanded.

_____
Of Counsel for Plaintiff