# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY COMPANY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WLS, INC. d/b/a S & H MOBILE | ) | **CIVIL ACTION NO.  2:05cv778-T** |
| HOMES, CIS FINANCIAL | ) | |
| SERVICES, INC., f/k/a CAVALIER | ) | |
| ACCEPTANCE CORPORATION; | ) | |
| GREEN TREE-AL, LLC; GREEN | ) | |
| TREE SERVICING, LLC; RUTH | ) | |
| BARRON; JOHN D. BARRON | ) | |
| | ) | |
| **Defendants.** | | |

---

## CANAL INDEMNITY COMPANY'S
## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

---

**COMES NOW** the Plaintiff, Canal Indemnity Company, pursuant to the Court's Order of

September 2, 2005, and hereby files this its First Amended Complaint for Declaratory Judgment.

### PARTIES

1.      Canal Indemnity Company (hereinafter "Canal") is a South Carolina corporation with

its principal place of business in Greenville, South Carolina.

2.      Upon information and belief, Defendant designated as WLS, INC. d/b/a S & H

Mobile Homes, (hereinafter "S&H"), is a citizen of the State of Alabama by virtue of being

incorporated in the State of Alabama and having its principal place of business in the State of

Alabama.

3.     Upon information and belief, Defendant designated as Cavalier Acceptance Corporation was incorporated in the State of Alabama and had its principal place of business in the State of Alabama. The records of the Secretary of State of Alabama indicate that Cavalier Acceptance Corporation is now known as "CIS Financial Services, Inc.", which is a citizen of the State of Alabama by virtue of being incorporated in the State of Alabama and having its principal place of business in the State of Alabama.

4.     Upon information and belief, Defendants designated as Green Tree-AL, LLC and Green Tree Servicing, LLC (hereinafter collectively referred to as the "Green Tree defendants") are limited liability corporations, which were both incorporated in Delaware and both have their principal places of business in St. Paul Minnesota. Accordingly, the Green Tree defendants are citizens of both the States of Delaware and Minnesota.

5.     Upon information and belief, Defendant designated as Ruth Barron, is an individual citizen of the State of Alabama.

6.     Upon information and belief, Defendant designated as John D. Barron, is an individual citizen of the State of Alabama.

## JURISDICTION AND VENUE

7.     This is a Declaratory Judgment action brought pursuant to 28 U.S.C. section 2201, *et. seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

8.     The instant lawsuit involves an insurance coverage dispute that is premised on an underlying lawsuit styled *John D. Barron, plaintiff versus WLS, Inc. d/b/a S & H Mobile Homes, Cavalier Acceptance Corp, Greentree, and Ruth Barron, defendants, in the Circuit Court of Chilton County, Alabama (CV-2005-31-F)* (hereinafter "the underlying lawsuit").

Page 2 of 13

9.     Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28

U.S.C. section 1332 (a)(1).  Complete diversity exists in this matter and the amount in controversy

exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

10.     Venue in this matter is appropriate pursuant to 28 U.S.C. section 1391.

## FACTS

13.     On or about January 24, 2005, John D. Barron, the plaintiff in the underlying lawsuit,

filed a three-count complaint against defendants S&H, Cavalier Acceptance Corp., Greentree[1], Ruth

Barron and Fictitious parties A through E in the Circuit Court of Chilton County, Alabama. (A copy

of the underlying Complaint, is attached as **Exhibit "A"**, p. 1).

14.     According to Mr. Barron's complaint, on April 11, 2000, the underlying defendants

"caused or allowed Plaintiff's signature to be forged on legal documents in order to purchase a

mobile home more particularly described as a 44' x 28' Cavalier 2000 model, serial number

ALCAO899544S33004BA in the name of the Plaintiff. That the Plaintiff's name was forged to said

legal documents and those documents necessary to purchase and finance the mobile home without

the plaintiff's permission or consent."  (**Exhibit "A"**, pp. 2-3 ¶ 6).

15.     Mr. Barron further alleged that in November of 2003, his daughter, Cherry Barron,

discovered through a credit report on her father that the mobile home had been purchased and

financed in Mr. Barron's name on April 11, 2000.  (**Exhibit "A"**, p. 3 ¶ 7).  According to the

complaint, Mr. Barron is allegedly responsible to pay $146,284.40 for a mobile home that he did not

purchase.  (**Exhibit "A"**, p. 3 ¶ 8).  Mr. Barron's complaint alleges the following claims against the

underlying defendants:

_____

[1]It appears that the plaintiff misnamed the Green Tree defendants in the underlying
complaint as Greentree.

a.   Count I of the complaint alleges a claim for **Forgery** against all of the underlying defendants. (**Exhibit "A"**, p. 3-5 ¶¶ 12-20). Specifically, Mr. Barron asserts that his signature was forged on a Retail Installment Contract and Security Agreement and other legal documents for the purpose of purchasing and/or financing the mobile home. (**Exhibit "A"**, pp. 3-4 ¶ 13). Mr. Barron asserts that *"the forgeries were completed in an attempt to injure and/or defraud the plaintiff"* and that the conduct was felonious under Alabama Code § 6-5-370 (1975). (**Exhibit "A"**, p. 4 ¶¶ 14 and 16).

b.   Count II of the Complaint alleges a claim for **Fraudulent Suppression** against all of the underlying defendants. (**Exhibit "A"**, pp. 5-7 ¶¶ 21-27). Mr. Barron claims that the underlying defendants used his personal information to purchase a mobile home, allowed his named to be forged to legal documents, suppressed the identity of the person who forged his signature, suppressed the identify of the persons who were in possession the mobile home and caused him to owe $146,284.40 for a mobile home that he did not agree to purchase. (**Exhibit "A"**, pp. 5-6 ¶ 22 (a) through (e)). He alleges that the underlying defendants owed a duty to him to disclose the facts to him, and that each of the defendants benefitted from the wrongful conduct. (**Exhibit "A"**, p. 6 ¶¶ 23 and 25). He further alleges that he did not discover the fraudulent suppression until November 2003 when he obtained a credit report. (**Exhibit "A"**, p. 6 ¶ 26).

   c. Count **III** of the Complaint alleges a claim for **Civil Conspiracy** against all

of the underlying defendants. (**Exhibit "A"**, pp. 7-8 ¶ 28-32). Mr. Barron

claims that the defendants *"acted in a manner that Plaintiff would be

damaged"* through the criminal forgery of his signature, conspiring to

complete the forgeries and sales, financing and insurance transactions,

conspiring to cover up the forgeries, and failing to property investigate to

correct the acts of the defendants' agents and employees. (**Exhibit "A"**, p.

7 ¶¶ 30-31 (a) through (d)).

  16. Mr. Barron alleges the following damages with respect to each of the above-

referenced legal claims:

> "he has incurred legal liabilities created by the documents, including the
> responsibility and commitment to pay for a mobile home that he did not purchase;
> his credit has been encumbered by the loan for the 2000 mobile home; his credit has
> been diminished by negative reporting for late payments on the loan; collection
> activities have been commenced against the Plaintiff; Plaintiff has suffered anxiety,
> worry, mental anguish, emotional distress, inconvenience, embarrassment and other
> incidental damages."

(**Exhibit "A"**, pp. 4-5 ¶ 20, p. 6 ¶ 27, p. 7 ¶ 32).

  17. Canal issued a Commercial General Liability ("CGL") Insurance policy, bearing

policy number GL20269, to S&H with effective dates of January 26, 2004 to January 26, 2005. (A

certified copy of the policy is attached as **Exhibit "B"**).

  18. Upon information and belief, in its policy application with Canal, S&H failed to

identify a potential claim, occurrence or loss involving Mr. Barron that might give rise to a claim

under Canal's CGL policy. S&H's failure to identify the loss and/or occurrence made the basis of

Mr. Barron's complaint in the underlying lawsuit was a misrepresentation, omission, concealment

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

---

of fact and/or incorrect statement, pursuant to Ala. Code § 27-14-7 (1975), which was material to

the issuance of Canal's policy.

19.   Canal's CGL policy contains the following pertinent provisions and terms:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. ...However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

   (1)   ...

   (2)   ...

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence"that takes place in the "coverage territory"; and

   (2)   The "bodily injury" or "property damage" occurs during the policy period.

   c.   ...

2.   **Exclusions**

   This insurance does not apply to:

   a.   **Expected or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

**SECTION V - DEFINITIONS**

. . .

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

3.  "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.

. . .

12.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

15.  "Property damage" means:

    a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it; or

    b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

## ENDORSEMENTS

GL 671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Special Exclusion Endorsement

. . .

### LIMITATION - CLASSIFICATION

This insurance applies to "bodily injury", "property damage", "personal injury", "advertising injury" or medical expense arising out of those operations which are classified and shown on the Commercial General Liability Coverage Declarations, its endorsements, and supplements.

. . .

### EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES

This insurance does not apply to punitive or exemplary damages.

. . .

**(Exhibit "B").**

20.  Canal has undertaken the defense of S&H in the underlying lawsuit, pursuant to a

reservation of rights defense.  A justiciable controversy exists between Canal and S&H as to whether

Canal owes any duty to provide S&H with coverage (including defense and/or indemnity) in the

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

_____

underlying lawsuit, and whether Canal's policy is due to be rescinded pursuant to Ala. Code § 27-14-7 (1975).

## BILL OF COMPLAINT

21.     A justiciable controversy exists between Canal and S&H as to whether any of the Mr. Barron's claims in the underlying lawsuit are covered under Canal's insurance policy and whether Canal owes a duty to defend and/or indemnify the defendants with respect to the underlying lawsuit. In addition, justiciable controversy exists between Canal and S&H as to whether Canal is entitled to rescind S&H's policy.

22.     Canal owes no duty to defend and/or indemnify S&H with respect to the allegations of the underlying complaint for one or more of the following reasons[2]:

>     a.     the insuring agreement of the Canal policy of insurance has not been triggered by the allegations in the underlying lawsuit;

>     b.     the claim of Forgery fails to allege an "Occurrence" as defined by Canal's policy of insurance;

>     c.     the claim of Fraudulent Suppression fails to allege an "Occurrence" as defined by Canal's policy of insurance;

>     d.     the claim of Civil Conspiracy fails to allege an "Occurrence" as defined by Canal's policy of insurance;

>     e.     there is no allegation of "property damage" as defined by Canal's policy of

_____

[2]Canal reserves the right to raise additional reasons to deny coverage that it later determines to be applicable.

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

---

insurance;

f.      there is no allegation of "bodily injury" as defined by Canal's policy of insurance;

g.      no alleged "property damage" took place during Canal's policy period;

h.      no alleged "bodily injury" took place during Canal's policy period;

i.      the events and alleged damages that form the basis of the complaint did not take place during Canal's policy period;

j.      coverage (including defense and/or indemnity) for some or all of the claims alleged against S&H is precluded by the application of the Exclusion for "Expected or Intended Injury" (Exclusion a);

k.      coverage (including defense and/or indemnity) for the Punitive Damages claim alleged against S&H is precluded by the application of the Exclusion for Punitive Damages (Endorsement Form GL 671);

l.      Canal is entitled to rescind S&H's policy under Ala. Code § 27-14-7 (1975);

m.      Canal owes no duty to defend S&H with respect to any claims asserted against S&H in the underlying lawsuit; and

n.      Canal owe no duty to indemnify S&H with respect to any claims asserted against S&H in the underlying lawsuit.

23.     Because application of the pertinent portions, terms, provisions, exclusions, conditions, etc., under Canal's policy would preclude coverage for S&H, Canal owes no duty to defend or indemnify S&H for any judgment that might be rendered against the company, for some

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

_____

or all of Mr. Barron's claims in the underlying action, for each and ever reason stated in paragraph

22 and sub-paragraphs "a" through "n", above.

24.    Even assuming, arguendo, that the Court finds that Canal somehow owes a duty to

defend and/or indemnify S&H in the underlying lawsuit, S&H is not liable for any amount awarded

above the stated occurrence limit in the declarations section of the policy and is not liable for

punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff, Canal Indemnity Company,

respectfully requests that this Honorable Court grant the following relief:

1.    That this Court take jurisdiction of this cause;

2.    That this Court Order, Adjudge, and Decree that this is a proper cause for an action

of Declaratory Judgment and that there is a bona fide controversy between the parties

as to their legal rights, duties, status, and liabilities;

3.    That the process of this Court be issued to WLS, Inc. d/b/a S & H Mobile Homes,

Cavalier Acceptance Corp, Greentree, Ruth Barron and John D. Barron, as provided

by Law and the Rules of this Court, and that they each be required to plead or answer

to this Complaint for Declaratory Judgment within the time and manner required by

law;

4.    That the Court stay entry of final judgment in favor of John D. Barron, until all

coverage issues are determined and declared by the court;

5.    That upon a final hearing of this cause, this Court will declare the rights, duties,

status, and legal relations of Canal Indemnity Company, WLS, Inc. d/b/a S & H

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

Mobile Homes, Cavalier Acceptance Corp, Greentree, Ruth Barron and John D. Barron, under the applicable policy of insurance;

6.    That upon a final decree of this cause, this Court will Order, Adjudge, Declare, or Decree that coverage is excluded for S&H under the insurance policy at issue for the reasons set forth in the Bill of Complaint, as set forth in paragraph 22 and sub-paragraphs "a" through "n", above, that Canal Indemnity Company is not obligated or liable to defend S&H against the underlying action or pay any judgment or costs arising out of said lawsuit, and further declare that the Canal policy that was issued to S&H is void and rescinded, pursuant to Ala. Code § 27-14-7 (1975); and

7.    Canal requests any such other, further, and different relief as it may be entitled and offers to do equity and further requests that if it be mistaken and any special relief herein sought is denied, then it requests such other, further, or more general relief to which it may be entitled.

Respectfully Submitted,

_____
William A. Austill (Fed ID: 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)
Joseph E. B. Stewart (Fed ID: 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)
Attorneys for plaintiff, Canal Indemnity Company

**OF COUNSEL**:
AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone:    (205) 870-3767

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

---

Facsimile:    (205) 870-3768

## PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

WLS, Inc. dba S & H Mobile Homes
3404 Highway 31 North
Clanton, Alabama 35045

CIS Financial Services, Inc.  f/k/a Cavalier Acceptance Corp.
c/o Jerry F. Wilson, Jr.
Highway 41 North
P.O. Box 540
Addison, Alabama 35570

Green Tree-AL, LLC
Green Tree Servicing, LLC
3500 Blue Lake Dr.
Suite 360
Cahaba Heights, Alabama 35243

John D. Barron
25 County Road 802
Maplesville, Alabama 36750

Ruth Barron
637 U.S. HWY 139
Maplesville, Alabama 36750

*Canal v. WLS, INC. d/b/a S & H Mobile Homes, et. al.*
*First Amended Declaratory Judgment Complaint*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Facsimile and U.S. Mail this 15th day of September, 2005 to:

17th   October

Jack J. Hall, Sr.
HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 20th Street North
Birmingham, AL 35203

Rickman E. Williams, III, Esq.
Phillip Henry Pitts, Esq.
Pitts, Pitts, & Williams
Post Office Box 527
Selma, AL 36702-0527

John R. Bradwell
425 South Perry Street
Montgomery , AL 36104

Robert A. Huffaker
P. O. Box 270
Montgomery, AL 36101-0270

Ruth Barron
637 U.S. HWY 139
Maplesville, Alabama 36750

OF COUNSEL

Page 13 of 13